## SUPREME COURT.

JOSEPH BARTON, respondent agt. AVELINE BEER and another, appellants.

Whenever *femes covert* may sue and be sued as *femes sole,* they are sued by the same process and in the same form, and the same form of judgment given against them as if they were not *covert.*

Since the act of March 20, 1860, married women may be sued in an action at law, and their liabilities enforced by judgment and execution in all cases when they arise in relation to their separate estate.

Thus, where a married woman, in 1859, purchased cigars in her business of a grocer, which she was carrying on in her own name, and for which she gave her note, and which note in April, 1860, was renewed, signed by herself and her husband,

*Held,* that though the original contract and note given under it were void, and did not divest the plaintiff of the legal title to the property, yet, by the act of 1860, authorizing the wife to carry on trade and business in her own name, she was capaciated to buy the cigars, and did buy them, by giving her note in 1860, whereby they became her separate property.

*Fifth District, General Term, July,* 1861.

ALLEN, MULLIN, BACON and MORGAN, *Justices.*

THIS action arose in justice's court. In the fall of 1859 Aveline Beer, a married woman, doing business in her own name, purchased a quantity of cigars of the plaintiff. In April, 1860, she gave to plaintiff her note, signed by herself and by her husband, for $75.

On the trial before the justice, the defendant, Aveline Beer, admitted the note, that it was given to renew a note given for cigars purchased by her in 1859, and that at that time defendant, Aveline Beer, was doing business in her

own name, and that the cigars were bought for her said business.

It was also admitted by plaintiff, that in 1859 defendant Aveline was a married woman, having a husband living, and that she continued, and now is, a married woman.

The plaintiff obtained judgment, which was affirmed by the county court of Onondaga county, and the defendant appealed to this court.

HUNT & FRYER, *for appellant.*
GRAY & BATES, *for respondent.*

By the court, ALLEN, Justice. At the time of the purchase of the cigars, for which the first note was given, the defendant Aveline being then, as now, a married woman, living with her husband, had not capacity to contract, and the contract of purchase was void, and vested no property in the cigars in her. Her note was also void. Had the cigars come to the possession of the husband, or if they were bought by the wife with his knowledge and assent, he might have been liable for them. But the cigars were not applied to the use of the husband, and the debt has at no time been treated as his debt. On the contrary, the admission is, that at the time of the giving of the note in suit, " the stock of goods and cigars were the separate property" of the *feme* defendant. The sale in 1859 being void, and vesting no property in the goods in the wife, the cigars, although in her possession under this void contract, remained the property of the plaintiff, for which he might have brought trover, and the contract of sale would have been no defence. In *Smith* agt. *Plumer*, (*K. B.*, 52, *G.* 3, cited in 2 *Sandf. Rep.*, 476, note (*f*,) and in *Peek's Evidence*, (*Am. ed. of* 1824, *p.* 497,) it was held that when the person to whom goods were let was a married woman, living separate from her husband, she was unable to gain any property in them, and that, therefore, such a bailment did not de-

Barton agt. Beer.

prive the real owner of his action of trover. (*S. C. reported* 15 *East*, 607.) There was no evidence in the case before us that the husband had adopted the contract, and the admission negatives any presumption that he had at any time adopted or assumed the contract, or exercised any control over the goods. The law of 1860 (*S. L.*, 157, § 2) relieved the defendant Aveline from her disabilities, and entitled her to carry on her trade or business, and perform any labor and services on her sole and separate account.

The power to carry on any trade or business includes the ability to make all contracts incident to such trade or business; and the same act (§ 8,) by exempting the husband from all liability upon or in respect to bargains or contracts made by the wife in or about the carrying on of her trade or business, recognizes the ability of the wife to make executory contracts, which may be valid as against her, notwithstanding her coverture. At the date of the note in suit, April 11, 1860, the *feme* defendant was engaged in carrying on her business of a grocer under the act of March 20, 1860, and was in possession of the cigars, which were the legal property of the plaintiff. She was then capacitated to buy them, and did give the note in suit for the purchase price of them, and thus by that promise to pay acquired a valid title to the cigars; and as it is admitted in terms we must take the fact, the cigars became and "were her separate property," and as a part of her stock in trade. It is urged that the cigars became by the purchase in 1859 the property of the husband; and if this were so, then there was no consideration to uphold the note as against the wife, given in April, 1860.

But the difficulty of this objection to the plaintiff's right to recover is admitted away. There was no evidence, and the case was decided upon admissions of the parties, and the admissions are conclusive against this view of the transaction in 1859. The same act, before referred to, declares that a married woman may be sued and sue in all matters

Barton agt. Beer.

having relation to her separate property in the same manner as if she were a *feme sole.*

By § 114 of the Code she could sue and be sued alone, and without her husband, in all actions relating to her separate estate; so that this section (7) of the act of 1860 was not wanted for that purpose; but the intent was to make the forms of procedure for and against married women, in all actions in which they could sue or be sued alone, as they would be in actions for or against any other party not under any disability; and without giving this effect the section has no meaning, and works no change in the law or in the forms of action, or course of procedure in the actions concerning the separate property of a married woman. The act may be as suggested, and very likely will prove to be very mischievous, and pregnant with much evil; but that must be mended by the legislature. Whenever *femes covert* may sue and be sued as *femes sole,* they are sued by the same process and in the same form, and the same form of judgment given against them as if they were not *covert.* (1 *Ld. Raym.*, 147.) Indeed, the capacity conferred upon her, to contract liabilities and incur debts, creates the necessity of a corresponding liability to action; for the evil would be greater than it otherwise would be if she may impose upon the public, by making contracts, for which neither she or her husband is liable. If she acts as a *feme sole* she ought, in justice to the public, to be subjected to all the duties and liabilities of a *feme sole.* (*Per Lord Loughborough*, 1 *H. Bl.*, 349; *Walford* agt. *Duchess de Pierse*, 2 *Esp. Rep.*, 554.)

The judgment must be affirmed.