## BROWN *a.* HERMANN.

*Supreme Court, First District; Special Term, June*, 1862.

LIABILITY OF MARRIED WOMEN ON COVENANTS.

A married woman, by accepting a deed of land subject to mortgage, and covenanting to pay the mortgage, does not bind herself or any of her separate property other than the land so conveyed, unless such deed and covenant are made in the course of a trade or business carried on by her.

Motion for judgment.

In this action, which was brought by the executors of Robert J. Brown, deceased, against Isaac Hermann and others, for a deficiency arising upon the foreclosure of a mortgage, it appear-

---

* The case of Freligh *a.* Brink, 22 *N. Y.*, 418, reverses S. C., 30 *Barb.*, 144, and 16 *How. Pr.*, 272 ; and affirms S. C., 18 *How. Pr.*, 89.

ed that Anna D. Anthony, one of the defendants, was the owner of the equity of redemption, and had acquired it by a deed which declared that she assumed the payment of the mortgage. At the time of such conveyance to her she was a married woman, and so remained up to this time.

There was no allegation in the case, that she had purchased the property for the purposes of any business carried on by her.

The plaintiff moved for a personal judgment against her, as well as the other defendants, for the deficiency.

*Livingston K. Miller*, for the motion, cited Yale *a.* Dederer (22 *N. Y.*, 450), Young *a.* Gori (13 *Abbotts' Pr.*, 13, *note*), *Laws of* 1860, 157, § 7, and the amendments to the Code of 1862.

*W. Grigg*, for Mrs. Anthony, opposed.—I. It is not alleged, and does not appear, that Mrs. Anthony intended to or did charge her estate for the debt. This is essential. (Yale *a.* Dederer, 18 *N. Y.*, 265; Arnold *a.* Ringold, 16 *How. Pr.*, 158.)

II. The covenant relied upon did not create a present debt, but only a contingent liability, which cannot be charged against Mrs. A.'s estate, without express words to that effect. (Yale *a.* Dederer, 18 *N. Y.*, 265; Curtis *a.* Engel, 2 *Sandf. Ch.*, 287; Phillips *a.* Hagadon, 12 *How. Pr.*, 17.)

III. The covenant is not binding, unless it is shown to be for the benefit of Mrs. A. or her estate, even though it were charged upon the same.

BARNARD, J.—No statute has gone to the extent of enabling a married woman to enter into any contract she pleases, and render herself liable on such contract. I apprehend that if a married woman purchase an article of dress, or an ornament, or a horse, or articles of furniture, for use of herself or her family, and not for the purpose of carrying on a separate business, she is not now liable any more than she was at common law.

The plaintiff cites the case of Young *a.* Gori (13 *Abbotts' Pr.*, 13, *note*); but neither that case, nor the case of Barton *a.* Beer (35 *Barb.*, 78; S. C., 21 *How. Pr.*, 309), go to this extent.

As Young *a.* Gori was decided by me, it is proper I should point out the distinction between that case and this one. Young

*a.* Gori, so far as it discusses the liability of the married woman, goes to no further extent than to hold that the act of 1860, by authorizing a married woman to carry on any trade or business, and enacting that the earnings of such trade or business shall be her sole and separate property, and by also enacting that no bargain or contract entered into by any married woman in and about the carrying on of any trade or business shall be binding on her husband, or render him or his property in any way liable therefor, had necessarily the effect of authorizing the woman to purchase goods as her separate property for said business, and of making goods so purchased for trade, and the trade itself (so far as it can be called property), the separate property of the woman ; and that in such case an action to recover the purchase-money of goods bought to carry on such business was an action having relation to her separate property, not from the mere fact that it was an action for the purchase-money of goods bought by her, but because the goods purchased, for the price of which the suit was brought, went into the business or trade, the profits of which the statute gives her as her sole and separate property.

In Yale *a.* Dederer (22 *N. Y.*, 450, 461), the Judge delivering the opinion of the court, says :

" These provisions show that the Legislature has not even now intended to remove the common-law disability of married women to bind themselves by their contracts at large.   To be obligatory on them or their estates, under our latest statutes, their contracts must relate entirely to their separate property, or to the particular trade or business in which they are engaged."

The other point held in Young *a.* Gori is, that in an action brought against a married woman, having relation to her separate property, she may be sued the same as if she were a man. And it is supposed that this gives countenance to the plaintiff's case.   It must surely be obvious that if it appears on the trial that the action has no relation to her separate property, it must fail ; and it cannot be argued that because it is held that in a case where a married woman is liable to be sued as a feme sole, she can be sued precisely as if she were a man ; that therefore it is held that the bringing of a suit against her in such manner makes binding a contract which otherwise would be of no force. It must be first established that the action is brought in relation

to the separate property of the married woman, and that the contract sued on is one which the law of the State would render binding on her in the same manner as if she were sole ; the result then follows, as held in Young *a*. Gori, that she may in such case be sued as if she were a man.

For the reasons above expressed, the amendments of 1862 to the Code do not help the plaintiff.

Plaintiff invokes the doctrine that in equity a married woman may charge her separate estate, and cites Yale *a*. Dederer (22 *N. Y.*, 450).

The judge delivering the opinion of the court in that case says, on page 460 : " No debt can be charged which is not connected by agreement, either express or implied, with the estate. If contracted for the benefit of the estate itself, it would of course become a lien, upon the well-founded presumption that the parties so intended, and in analogy to the doctrine of equitable mortgages for purchase-money." So far as this is concerned, the plaintiff here gets the full benefit of the doctrine by a simple judgment of foreclosure and sale, directing the proceeds to be paid in satisfaction of his mortgage so far as they will extend. But the judge proceeds : " No other kind of debt can, it seems to me, be thus charged without some affirmative act of the wife evincing that intention." In the case before me I am unable to discover any act of the wife evincing an intention to charge any separate property of hers other than that covered by the mortgage.

The whole of the reasoning of the case is against the plaintiff's view.

This case of Yale *a*. Dederer does not, therefore, in my view, sustain the plaintiff.

The motion, so far as it asks for judgment for deficiency against Mrs. Anthony, must be denied.

The rest of the motion is granted.