## LEDELIEY *vs.* POWERS.

A married woman not being able to make a contract valid at law, so as to bind herself personally, if she has a separate estate and contracts debts for her own benefit, on the credit of it, it is just and right that a court of equity should enforce payment of the debts out of her separate estate. *Per* SUTHERLAND, P. J.

But where a married woman, on purchasing a farm as her separate estate, also purchased certain stock and farming implements thereon, and executed a mortgage of the chattels, to secure the payment of the price thereof, to the vendor, the payment of which chattel mortgage was guarantied by two other persons; *Held* that the vendor, by accepting the chattel mortgage and guaranty, must be deemed to have trusted to the same as his security for the payment of the price; and that, in the absence of any finding that the chattels were bought or the debt incurred for the benefit of the wife's separate estate, the same could not be charged with the payment.

APPEAL from a judgment entered at a special term, on a trial before the court without a jury. The action was brought to charge the separate estate of the defendant Millie D. Powers, a married woman, with the payment of $629.50 and interest, being the price of certain farming stock and implements on a farm near Tarrytown, in the town of Mount Pleasant, alleged to be a part of her separate estate, which stock and implements were claimed to have been sold and delivered to her by the plaintiff, on the 31st day of October,

1856.    The justice found that the plaintiff was entitled to judgment against the defendant and her separate estate, for the amount claimed, with interest.

*S. Sanxay,* for the appellant.

*A. J. Willard,* for the respondent.

SUTHERLAND, P. J.    This action was brought to charge the separate estate of the defendant Millie D. Powers, the wife of Edward J. Powers, with the payment of the sum of $629.50, and interest thereon from the 31st day of October, 1856, the price of certain farming stock and implements alleged to have been sold and delivered to her by the plaintiff, on that day.    The complaint alleges that at the time of the sale of the chattels the defendant promised and agreed to pay the $629.50 on the first day of May, 1857, with interest, and, to secure such payment, executed a chattel mortgage of the chattels to the plaintiff.    This chattel mortgage is set out in the complaint, and also a guaranty or security clause annexed thereto, signed and sealed by V. R. Terry jun. and Edward J. Powers, by which, in consideration of the sale and delivery of the chattels to the defendant, and of one dollar, they guarantied to the plaintiff the payment of the chattel mortgage, and covenanted and agreed, if default was made in the payment of the mortgage, that they would pay or make up any deficiency.    The chattel mortgage, and the security clause, were on the trial put in evidence.    The complaint also alleges that at the time of the sale of the chattels and the execution of the chattel mortgage, the defendant was seised and possessed of a farm in Westchester county, a farm in Orange county, and a farm in Columbia county, separate and independent of her husband, which farms are described in the complaint; that she had made default in the payment of the chattel mortgage; that the whole sum of $629.50 was due and owing; and that in disregard of her chattel mortgage

she had wrongfully sold, converted and disposed of the said goods and chattels to other persons, so that the same .were beyond the reach of the plaintiff, and could not be found by him.

The defendant in her answer alleged that the plaintiff did not sell and deliver to her, on her separate account or at her request, the chattels; that she never possessed or had them; that she did not mortgage them, and had no right or property in them to mortgage; that she never made the promise alleged in the complaint, and never promised to pay the plaintiff the said sum of $629.50, and never intended to charge her separate estate, or did charge it, on account of said chattels. She did not deny, in her answer, that at the time mentioned in the complaint she had and owned separate and independent of her husband, the farms described in the complaint.

The evidence on the trial at special term, was conflicting as to the execution of the chattel mortgage, and as to the sale of the chattels to the defendant. The defendant, who was sworn as a witness, testified that she had never authorized her husband or any other person to purchase the chattels; that she had never had them or disposed of them, and had never authorized her husband or any person to receive them, or to sell them. She did not deny that she signed the chattel mortgage; but she testified that she was told, when she signed it, that it related to real estate only, and that she signed it thinking so; that she did not read it, nor was it read over to her; that she signed it at the request of Mr. Powers, as a paper relating to real estate, and that believing it to be such paper she signed it. On the part of the plaintiff there was evidence tending to show that the defendant knew the nature and purpose of the chattel mortgage, when she signed it.

It appeared from the evidence of the plaintiff, who was sworn as a witness, that the sale of the chattels was negotiated through Mr. Powers, the husband of the defendant,

who told the plaintiff that he was authorized to buy the chattels for her; that the chattels, when sold, were on a farm in the town of Mount Pleasant, Westchester county, which farm the plaintiff conveyed to the defendant November 1, 1856.

The justice who tried the case at special term found as matters of fact, that on or about the 29th day of September, 1856, the defendant, by the said Edward J. Powers, her agent acting by and with her authority, contracted with the plaintiff to purchase of him a certain farm of land, in the town of Mount Pleasant, in the county of Westchester, which contract was executed, and said farm of land was conveyed to the defendant as her separate property and estate, on or about the 1st day of November, 1856; that on or about the 31st day of October, 1856, the plaintiff sold and delivered to the defendant, and the defendant by her husband and agent received, the personal property in the complaint mentioned, which was then on the farm in the town of Mount Pleasant; that the price or consideration agreed to be paid by the defendant for such personal property was $629.50, payable on the 1st of May, 1857, with interest from said 31st October, 1856; and that for securing such payment the defendant, on or about the last mentioned day, executed and delivered to the plaintiff the chattel mortgage set forth in the complaint; and that no part of said sum of $629.50 had been paid.

The principal and material question presented by the appeal in this case is, whether the facts admitted by the pleadings, and the facts so found by the referee, authorized the conclusion of law to which the justice came, that the plaintiff was entitled to a judgment against the defendant and her separate estate, for the sum of $629.50, interest and costs, and the judgment which was thereupon ordered and entered, providing for enforcing the payment of the same out of the separate real and personal estate of the defendant generally.

In my opinion they did not. The justice did not find as a fact that the defendant, by the execution of the chattel mortgage, intended to charge her separate estate generally;

nor is such an intention to be inferred, from the facts found and the admitted facts in the case. There is nothing in the chattel mortgage showing or declaring such an intention. Indeed I think it may be said that the transaction itself, as stated in the complaint, rebuts, or tends to rebut, an inference or conclusion that the defendant intended to charge her real property, described in the complaint, or her separate property generally. Her execution of the chattel mortgage, and thus charging the specific chattels covered by it with the payment of the $629,50, and the acceptance of the chattel mortgage with the written guaranty of third parties of its payment annexed to it, by the plaintiff, show, or tend almost conclusively to show, that she did not intend to charge her separate estate generally, or any other property than the specific property mortgaged ; and that the plaintiff trusted to the chattel mortgage, and the guaranty annexed to it, as his security for the payment of the money ; and did not give credit to the defendant because she owned the farms described in the complaint, or had separate property generally.

The justice did not find as a fact that the chattels were purchased and the debt incurred by the defendant for the benefit of her separate estate, or any particular part or portion of it. He found that the chattels, at the time of their purchase, were on the farm at Mount Pleasant, which it would appear from the evidence and the finding of the justice was conveyed to the defendant by the plaintiff the day after the purchase of the chattels and execution of the chattel mortgage, and which farm, it was an undisputed fact in the case, the defendant had sold and conveyed before the commencement of this action. There was nothing in the case which would have authorized the justice to find that the chattels were bought, or the debt incurred, for the benefit of any separate estate or property which the defendant had at the time of the trial.

In the report of the case of *Yale* v. *Dederer,* when it was before the court of appeals the second time, (22 *N. Y. Rep.*

461,) it is stated that a majority of the members of the court concurred in the opinion that the intention to charge the separate estate must be stated in the contract itself, or the consideration must be one going to the direct benefit of the estate. I doubt whether that case will be considered as having authoritatively settled that the aid of a court of equity in such cases shall be thus limited. But it was authoritatively decided in that case, the last time it was before the court of appeals, that where a married woman signs a promissory note as mere surety for her husband, a court of equity will not enforce its payment out of her separate estate, unless her intention to charge her separate estate with the payment of the note was declared in the note or contract itself. When that case was before the court of appeals the first time, it was said, (18 *N. Y. Rep.* 276,) that the obligation of a surety was "*stricti juris*," and that the contract of a married woman being void at law, there was no equitable liability, where she was a mere surety.

A married woman not being able to make a contract valid at law, so as to bind herself personally, if she has a separate estate and contracts debts for her own benefit, on the credit of it, it is just and right that a court of equity should enforce payment of the debts out of her separate estate. But we have seen that it was said, in *Yale* v. *Dederer*, when first before the court of appeals, that there was no ground for the equitable aid of the court, in behalf of the creditor, where the married woman contracted or signed as mere surety. It was said that in such case the creditor should be left to his remedy at law. So in the principal case, the plaintiff having taken the chattel mortgage and personal guaranty of third parties for the payment of his debt, I think a court of equity should leave him to his remedy by or under them. I do not think that on the facts found by the justice who tried the case, and on the conceded facts of the case, there is any equitable principle upon which a court should enforce the

payment of the plaintiff's debt out of the separate property of the defendant generally.

The plaintiff has a remedy at law on the guaranty of payment annexed to the chattel mortgage. The guarantors could not set up as a defense that the chattel mortgage, as the contract of a married woman, was void.

The judgment appealed from, I think, should be reversed, and a new trial granted ; costs to abide the event.

INGRAHAM, J. concurred.

CLERKE, J. I concur, on the ground that the justice did not find, as matter of fact, that the debt was contracted for the benefit of the defendant's separate estate.

New trial granted.

[NEW YORK GENERAL TERM, May 4, 1863. *Sutherland, Ingraham* and *Clerke,* Justices.]