## MORRELL *a.* CAWLEY.

*Supreme Court, First District; General Term, Dec.,* 1863.

ACTIONS AGAINST MARRIED WOMEN.—SOLE TRADER.—SEALED INSTRUMENT.—ADMISSIONS.—MEASURE OF DAMAGES.

Although a sealed instrument executed by an agent who has only a parol authority, is not good in general, and will not sustain an action against the principal, yet admissions contained in it are competent evidence against the principal.

Thus, in an action for use and occupation of demised premises, the rent reserved in a sealed lease which was executed by defendant's agent, but is void for want of sealed authority to execute it, furnishes, as against the defendant, the measure of damages.

In an action against a married woman, her admissions are competent evidence.

A married woman may be sued, in all matters respecting her separate estate, as if she were single.

This rule applies to the form of the action as well as to the parties.

Morrell *a.* Cawley.

An affidavit bearing the signature of the adverse party, is properly received to prove admissions, without proof of the authority of the magistrate who administered the oath.

Appeal from a judgment.

This action was brought by John H. Morrell against Jane F. Cawley, to recover the value of the use and occupation of a store in Front-street, New York, for the six months terminating February 1st, 1862. The complaint averred that the defendant was a married woman, and carried on business in her own name, and that the premises were hired by her for the purpose of carrying on the said business, and occupied by her in carrying on the same. The relief demanded was judgment for $350, interest and costs. The answer denied all the allegations of the complaint, with the exception of the statement that defendant was a married woman.

The cause was tried at circuit, before Mr. Justice Barnard and a jury. At the commencement of the trial, defendant moved to dismiss the complaint, on the ground that the action was brought against a married woman, on an alleged contract made by her; that an action against the defendant, to be sustained, must be one in equity, to charge her separate estate, and not as brought in the present form of action.

The motion was denied: defendant excepted. The plaintiff called John R. Morris, who testified, "I am a justice of the peace for Queens County: know the defendant."

Defendant objected to witness giving any testimony as to what was done before him officially, as it had not been proved by any competent testimony that witness was a justice of the peace. The objection was overruled, and defendant excepted.

"The affidavit exhibited was affirmed to before me by Mrs. Cawley, and this and the complaint now shown me were signed by her in my presence."

Plaintiff read the affidavit in evidence: it was verified March 13th, 1862: it set forth that Samuel B. Cawley had been for some time her agent, and had the management of her business, and authorized to act for her in certain business matters therein specified.

Plaintiff then offered in evidence the complaint in an action by defendant against one Lyman, signed and verified by the

defendant. Defendant objected to its admission, on the ground that it was irrelevant to the issue now being tried, and that there was no sufficient proof of the official character of the justice before whom the affidavit was taken. The objection was overruled, and defendant excepted.

This complaint set forth that the defendant was at the time and times thereinafter mentioned a married woman, possessed of an estate separate from her husband, and was and had been for some time previous thereto engaged in the ship-chandlery business in the city of New York, under her own name and for her own benefit, as a separate trader, pursuant to the act in such case made and provided.

The plaintiff next proved the execution by Samuel B. Cawley, the husband of defendant, of a written lease of the premises, dated March 4th, 1859, signed "J. F. Cawley" (seal), and offered such lease in evidence.

Defendant objected. 1. There was no proof that the defendant had ever executed the lease herself, or given authority to her husband to do so for her. 2. At the time of the making of the lease, as she had no power to make any such instrument, personally or through her agent, it was absolutely void, and no action could be founded on such lease, or for any subsequent use and occupation, without a contract being made subsequent to the act of March 20th, 1860. 3. That the tenancy under such lease, and the subsequent use and occupation, was that of the defendant's husband alone, and he is the only person responsible for the rent.

The objections were overruled: defendant excepted. A witness testified that he had seen the defendant at her store on the premises specified in the lease; that she carried on the business of a ship-chandler there; that she occupied the first floor of the premises for her store, till about the 1st of November, 1861, when she moved out and relet the store to a tenant, who paid her rent; that she relet the upper part of the premises to various tenants.

After plaintiff rested, defendant moved to dismiss the complaint on the following grounds. 1. That the action was not properly brought against the defendant. That even admitting all the facts alleged by the plaintiff, the only remedy was by a proceeding in equity to charge the defendant's separate estate.

2. That there was no proof that Samuel B. Cawley, defendant's husband, was the agent for the defendant, at the time of the leasing of the premises No. 290 Front-street, or at any other time, except for the particular purpose mentioned in the affidavit and complaint in the case of Cawley a. Lyman. 3. That the defendant never leased the premises, nor was she aware of their being leased, nor of the continuing occupation of them. 4. The lease was absolutely void as to the defendant, and must be taken to be the act of her husband, and he alone is responsible for the use and occupation.

The motion was denied, and defendant excepted.

No evidence was offered by defendant. The jury rendered a verdict for the plaintiff for $355.25. Judgment was entered, and defendant appealed.

*Dennis McMahon*, for the appellant.—I. The court erred in admitting in evidence, as the foundation of the plaintiff's claim, the lease of the premises in controversy. 1. There was no proof that the defendant herself had executed the lease, or given authority to her husband to do it for her. The husband, to execute the lease properly on behalf of his wife, should have had an authority under seal, duly acknowledged by the wife. (2 *Rev. Stat.*, 135, § 6; *Ib.*, 137, § 7; Lawrence a. Taylor, 5 *Hill*, 107; Worrall a. Munn, 5 *N. Y.*, 229.) A husband cannot be constituted as the agent of his wife, although the latter may be of the former. (Snyder a. Sponable, 1 *Hill*, 567; Oulds a. Sansom, 3 *Taunt.*, 261; Birdseye a. Flint, 3 *Barb.*, 500, 510; Hunt a. Johnson, 19 *N. Y.*, 279; *Laws of* 1849, 528, ch. 375.) The action being for use and occupation, and the lease being under seal, by admitting it the statute was violated. (1 *Rev. Stat.*, 748, § 26.) The court permitted the instrument to be introduced in evidence, so that, in effect, it was making a judicial disposition of her estate on her mere contracts, without regarding the recording act. (1 *Rev. Stat.*, 758, § 10; Knowles a. McCamley, 10 *Paige*, 342; Ackert a. Pultz, 7 *Barb.*, 386; INGRAHAM, J., Owen a. Cawley, 36 *Barb.*, 52; S. C., 13 *Abbotts' Pr.*, 13.) 2. There was no proof of authority in the husband to execute an instrument in his wife's name, in 1859. It is exceedingly doubtful whether a married woman is so far an independent personage that her admissions during coverture

may bind her estate. (Birdseye *a.* Flint, 3 *Barb.*, 500.) 3. In March, 1859, the lease was void as to the wife, void as to her separate estate. It was good as to the husband; it was, in legal effect, his contract. (Watkins *a.* Abrahams, 24 *N. Y.*, 72.) The subsequent occupation under it was entirely that of the husband, and he alone is chargeable with the consequence of it, and is responsible for the rent.

II. An action for use and occupation is founded on contract express or implied, and lies only where the relation of landlord and tenant exists. (Croswell *a.* Crane, 7 *Barb.*, 191, 203 ; *Chitty on Cont.*, 331 ; Hall *a.* Southmayd, 15 *Barb.*, 32 ; Bancroft *a.* Wardwell, 13 *Johns.*, 489.) No such relation here existed. The lease was absolutely void as to the wife. The tenancy was, and continued to be, that of the husband only. (Watkins *a.* Abrahams, 24 *N. Y.*, 72.)

III. Taking it to be true that the defendant is liable to the plaintiff, the only mode of proceeding to enforce that liability is by a separate proceeding in equity, and not by an ordinary action at law, fashioned after the superseded action of assumpsit for use and occupation. Prior to the act of 1860, no personal judgment can be entered against a wife—i. e. *in personam.* (Watkins *a.* Abrahams, 24 *N. Y.*, 73 ; Brittin *a.* Wilder, 6 *Hill*, 242.)

IV. The court erroneously allowed in evidence the affidavit and complaint in Cawley *a.* Lyman.

V. The nature of the business carried on by the appellant was not shown, but it did appear that she was married before the enabling acts of 1848 and 1849 were passed. The enabling acts of 1848 and 1849 gave no power to her to make contracts, or enter into bargains binding her, in any shape or form whatever. (Ryder *a.* Hulse, 24 *N. Y.*, 372 ; Gates *a.* Brower, 9 *Ib.*, 205 ; Van Steenbergh *a.* Hoffman, 15 *Barb.*, 28 ; Switzer *a.* Valentine, 4 *Duer*, 96 ; Yale *a.* Dederer, 18 *N. Y.*, 265 ; Hauptman *a.* Catlin, 1 *E. D. Smith*, 729.) Nor to act as a sole trader and conduct a mercantile business in her own name. (Freeman *a.* Orser, 5 *Duer*, 476.) Nor to invest her husband with any power to act as her attorney in the transaction of any such business. (Oulds *a.* Sansom, 3 *Taunt.*, 261 ; Birdseye *a.* Flint, 3 *Barb.*, 500, 510 ; Hunt *a.* Johnson, 19 *N. Y.*, 279 ; Curtis *a.* Engel, 2 *Sandf. Ch.*, 287 ; Gates *a.* Brower, 9 *N. Y.*,

205; Petty *a.* Anderson, 3 *Bing.*, 107; Lovett *a.* Robinson, 7 *How. Pr.*, 105.)

VI. No proof of the value of the premises was submitted to the jury, except the lease, which was void as against the appellant, and improperly admitted in evidence. (1 *Rev. Stat.*, 748, § 26.)

*Thomas C. T. Buckley*, for the respondent.—I. A married woman, carrying on business for her own benefit, is to be sued as if she were a *feme sole*. (*Laws of* 1860, 157, ch. 90.)

II. There is nothing in the objection to the justice of the peace giving any testimony as to what was done before him officially, until somebody other than the witness himself proved that he was a justice of the peace. The plaintiff relied upon the admissions contained in her affidavit and complaint, both signed by her. The witness was only called to prove that she signed them, so as to make them binding as her admissions. But if it was necessary to show that she swore to them before they could bind her as to the admissions contained in them, his own oath that he was a justice, and acted as such, was proof of his authority to take an oath without producing his commission.

III. The admissions contained in the defendant's complaint, in the suit against Lyman, are most relevant.

IV. The exception to the judge's admitting in evidence the contract of hiring, is groundless. 1. There was proof to go to the jury that her husband was her general agent for her, carrying on her business in her name, which would include the hiring of a store to carry on the business—which hiring was ratified by her agent receiving for her the rent of parts of the building not used. (35 *Barb.*, 78; S. C., 21 *How. Pr.*, 309.) 2. As to the position that she had no power to make a lease, the answer is, that the action is not founded on the lease, but on her actual use and occupation, the contract of hiring being merely used to show the quantum of rent; and although it might be void as a contract, if she did not occupy the premises, yet if she did occupy them, the lease may be admitted as a piece of evidence with other facts to show the value. But if the action is based on the lease, it was a good lease to her, and she took an interest in the land. (*Laws of* 1849, 528, ch. 375; Fox *a.* Duff, *MS.* case.) 3. The tenancy, business, and the occu-

pation are everywhere shown to be hers, and not her husband's, who was merely her general agent.

V. The exception on the refusal to dismiss the complaint, is groundless. 1. The first ground of the motion I have already answered. 2. There was proof that her husband was her general agent to carry on her business. 3. There was proof that she was aware of the hiring, and of the continuing occupation by her personally. But if she occupied by her general agent, that is enough to bind her for the use and occupation after the statute, although she had never personally been in the store, and was ignorant of the contract of hiring.

VI. No exception was taken to the charge: the presumption is, therefore, that the judge properly submitted to the jury the rules of law applicable to the case.

LEONARD, J.—The lease being under seal, was void for want of authority to the husband to execute it. No action could therefore be maintained on the lease as a contract of the defendant. The action was, therefore, properly brought against the defendant for use and occupation, if she could be subjected to any liability therefor by the facts.

Under the act of 1860, a married woman may be sued in all matters respecting her separate estate as if she were a single woman. (Barton *a.* Beer, 35 *Barb.*, 78.) This statute relates. to the form of the action as well as to the parties.

The lease, although not good as the foundation of an action against the defendant, was evidence against her as an admission, if her husband was authorized to execute a lease for her without seal. It required no written authority to sign the defendant's name. The seal did not injure its validity as an admission.

Upon the question of the authority of the husband to act for the defendant, we have her affidavit showing that her husband was her authorized agent during the greater part of the time for which the rent is here claimed, and he also acted as her agent. When the rent was demanded of her, she made no objection that she had not occupied the premises. It also appears from the defendant's affidavit, and her complaint in the action against Lyman, that she was carrying on the ship-chandlery business on her own account as a separate trader. This evi-

dence, although slight, was sufficient to go to the jury in respect to the occupation of the premises by the defendant, and for the jury to consider whether the defendant knew of the lease, or had authorized her husband to lease these premises. If she carried on her own separate business, occupying these premises, and knew of the lease, or authorized one with or without seal, then the lease was admissible evidence to prove the rate of rent which the defendant ought to pay, and the objections taken by the defendant cannot be maintained.

The jury found in the affirmative on all these propositions.

The cause was properly submitted to the jury on the evidence, and the motion to dismiss the complaint denied. No exceptions were taken to the charge.

The judgment should be affirmed, with costs.

BARNARD, J.—I concur in the conclusion to which Judge Leonard has arrived.

SUTHERLAND, J.—I dissent. I see no way in which the plaintiff could recover in this action. The judgment, I think, should be reversed, with costs.

Judgment affirmed.

---

## ANDERSON a. DICKIE.

*New York Superior Court; General Term, Dec.,* 1863.

ANNEXING CASE OR EXCEPTIONS.—NEW TRIAL.—REVIEW OF QUESTIONS OF FACT.

After judgment entered absolutely, a motion upon a case or exceptions, for a new trial, cannot be heard at special term.

After judgment entered absolutely, a case or exceptions cannot be annexed to the judgment-roll for the purpose of review, except by special order.

Where judgment was entered absolutely, the appellant subsequently made a case to which the respondent proposed amendments, and the case was settled on notice, but no leave was given to annex the case to the judgment-roll. *Held,*

1. That the judgment could be reviewed only for errors appearing in the judg-