BUCKLEY and others *vs.* WELLS, executrix &c.

Where a married woman, receiving a sum of money as a preferred creditor, under the assignment of her husband, embarks it in trade, in a business under the control of her husband and carried on by him in his own name, as "agent," commingling it with the avails of his labor, she deprives herself of the shield provided by the acts of 1848 and 1849 "for the more effectual protection of the property of married women," and subjects it to the claims of her husband's creditors.

THIS is an appeal from a judgment entered upon the report of a referee, on the 5th day of January, 1863, in favor of the respondent, for $138.46, costs and disbursements. The referee found from the evidence the following facts, and conclusions of law therefrom: First. Edwin Smith and Charlotte A. Smith are, and ever since 1835 have been, husband and wife.

Second. In 1849, Mrs. Smith received, as legatee under her mother's will, about $2400, of which about $2000 was her husband's note for that amount.

Third. Afterwards Mr. Smith failed and made a general assignment in trust for creditors, and in 1850, Mrs. Smith received, as a creditor of his, under said assignment, about $2300, having been preferred in said assignment. .

Fourth. Afterwards, in the fall of 1850, a mercantile business was commenced, nominally by Mrs. Smith, in the name of "E. Smith Agent," at Schaghticoke Point, in Rensselaer county, where Mr. and Mrs. Smith resided; and such business was continued from that time until the seizure under execution hereinafter mentioned.

Fifth. The first purchases in said business were groceries, to the amount of about $1000, and were cash purchases. The business was afterwards extended to include dry goods, &c. and subsequent purchases were generally upon credit.

Sixth. The entire capital employed in said business, except money borrowed in the name of "E. Smith Agent," and what arose from profits therein, was contributed by Mrs. Smith from her said separate estate.

Seventh. The arrangement between Mr. and Mrs. Smith, under which said business was conducted, was verbal, and made at the commencement thereof, and was, that Mr. Smith should take Mrs. Smith's money and do business with it for her as her agent, and that she should give him his board and clothing for his services.

Eighth. The business was conducted solely by Mr. Smith in the name of "E. Smith Agent," and nominally for his wife as principal; and her services were not employed therein.

Ninth. Mr. and Mrs. Smith had several children, and they with their children were supported out of said business and its profits, taking goods and money from the store for that purpose, as occasion required, and no account was kept between Mr. and Mrs. Smith, or, as appears, of such family expenses.

Tenth. About November 17, 1858, and while said business was being carried on, as aforesaid, at Schaghticoke Point, and there was a stock of goods employed therein, William Wells, the defendant's testator, then being sheriff of Rensselaer county, seized upon said stock of goods under execution issued to him as such sheriff upon certain judgments against said Edwin Smith.

Eleventh. Afterwards the most of said goods levied upon were sold by said sheriff to satisfy said execution, and the residue was left by him in a somewhat damaged condition.

Twelfth. The goods thus taken, including the damage to those unsold, amounted to $5000, as of the date of said seizure, as nearly as the same could be estimated.

Thirteenth. Afterwards, about January 24, 1860, Mrs. Smith, by an assignment in writing of that date, assigned to the plaintiffs herein, her alleged cause of action arising out of the facts aforesaid.

Upon the foregoing facts the referee found as a conclusion of law, that the plaintiffs were not entitled to recover herein, and that the defendant should have judgment against the

plaintiffs for his costs. From the judgment entered upon the report of the referee, the plaintiffs appealed.

*William A. Beach,* for the appellant.

*John A. Millard,* for the respondent.

*By the Court,* INGALLS, J. From the facts found by the referee it appears that the marriage between Edwin Smith and Charlotte A. Smith occurred as early as 1835. In 1849 she received, as legatee under the will of her mother, $2400, of which $2000 was in a note of her husband. Edwin Smith failed, and made an assignment preferring his wife as a creditor to the amount of $2300. In 1850 a mercantile business was commenced at Schaghticoke conducted by Edwin Smith as agent, in which business Mrs. Smith embarked a capital of $1000, under a verbal arrangement with her husband by which he was to receive for his services, board and clothing. The purchases were made chiefly upon credit, and the proceeds of the business, not absorbed in the support of the family, were devoted to the business. Edwin Smith made the purchases and sales, and had the actual possession and control of the property, and business. Goods and money were taken from the store and devoted to the support of the family, and no account whatever was kept between Smith and his wife. The whole transaction was previous to 1860. The business was continued till 1858, when the stock of goods was levied upon and sold by the sheriff by virtue of executions issued upon judgments recovered by the creditors of Smith. Under an assignment of Mrs. Smith's supposed cause of action, this action was brought by the plaintiffs, to recover the value of the goods sold. Upon this state of facts, the referee reported in favor of the defendant, and directed judgment accordingly. I think no error was committed by the referee in thus disposing of the cause. The money furnished by the wife received by her as the cred-

itor of her husband under his assignment, and the profits
arising from the trade, in part the result of the work and
labor of the husband, became commingled, and constituted
one fund, and all in the possession of and under the control
of the husband, without a solitary act or transaction between
the parties, save the use of the word agent, and the verbal
agreement that Smith was to receive board and clothing for
his services, to indicate that the parties themselves regarded the
business as her's.   Money and goods were drawn from the store
and devoted to the support of the family, and no account
kept between Smith and his wife.   To hold, under these cir-
cumstances, that the property was beyond the reach of the
creditors of the husband would, in my judgment, be estab-
lishing a precedent wholly unauthorized by law.   In *Sher-
man* v. *Elder*, (24 *N. Y. Rep.* 381,) Allen, J. at page 383,
says : "In regard to the rest of the property, that which
was used by the husband as merchandise in the business
*carried on by him in the name of the wife,* whether a part
of the goods were the property of the wife before marriage
or bought subsequently by the husband on credit or with
the profits of the business, and the earnings and accumula-
tions of the husband in the business, I agree with the court
below that they *must be considered the property of the
husband and liable to his debts."*   In the last mentioned
case the marriage was in 1850.   (*Lovett* v. *Robinson,* 7 *How.
Pr. Rep.* 105.   *Gage* v. *Dauchy,* 28 *Barb.* 622.)

    The decision of the referee is not in conflict with the stat-
utes of 1848 and 1849, "for the more effectual protection of
the property of married women."   Had Mrs. Smith received
the money bequeathed to her by the will of her mother, *and
held it to her sole and separate use,* it could not have been
reached by the creditors of the husband ; but where in direct
violation of the letter and spirit of those statutes she em-
barked that money in trade under the control of her husband,
commingling it with the avails of his labor, which, as much
as his money, belonged to his creditors, she deprived herself

of the shield provided by those statutes, and subjected it to
the claims of his creditors. The plaintiffs can assert no
rights which Mrs. Smith, their assignor, did not possess.
By accepting the transfer they assumed the risk of the con-
troversy.

The judgment should be affirmed with costs.

[ALBANY GENERAL TERM, March 7, 1864. *Peckham, Miller* and *Ingalls,*
Justices.]