## JAMES, Executor, &c. *vs.* TAYLOR.

Under the married woman's acts, of 1848 and 1849, a married woman has capacity, notwithstanding her coverture and irrespective of the act of 1860 authorizing a feme covert to carry on a trade or business and protecting her earnings, to purchase a stock in trade, business and good will, by executing a mortgage on her own separate real estate, and to recover for work, labor and services done and performed, and materials furnished by her in the course of such business.

APPEAL from a judgment entered upon the report of a referee. The action was brought by the plaintiff, as executor of Sarah B. James, deceased, to recover for work, labor and services done and performed, and materials furnished by the plaintiff's testator. The referee reported in favor of the defendant, and the plaintiff appealed.

James *v.* Taylor.

*S. V. R. Cooper*, for the appellant.

*C. Van Santvoord*, for the respondent.

*By the Court*, SUTHERLAND, J. I think the conclusion of law of the referee, that Mrs. James (the plaintiff's testatrix) had no title to the demand in suit, and that it did not pass to the plaintiff as the executor of her will, was erroneous, and not authorized by the facts found by the referee. I think, on the facts found by the referee, the plaintiff was entitled to judgment. The referee found as facts, that in 1855, Mrs. James bought out one George Walker, who carried on the furnace heating and ventilating business, at No. 77 White street, in the city of New York, and that thenceforth she carried on the same business, first at the same place and afterwards at 83 White street; that the business was carried on in her name, though mostly managed by her husband as her agent; that she made the purchase from Walker by executing a mortgage on her own separate real estate, which she had acquired since 1849, by gift or purchase, from persons other than her husband; and that the demand in suit was for work, labor and services done and performed, and materials furnished in the course of the business so carried on by Mrs. James, in and about certain alterations of the smoke pipe of a furnace in the defendant's house, and in and about certain other alterations in flues.in the wall over the furnace, intended to improve the operation of the furnace.

Now, I think these facts would have authorized a judgment for the plaintiff irrespective of the act of 1860, authorizing a married woman to carry on a trade or business, and protecting her earnings therefrom. Under the married woman's acts of 1848 and 1849, she had capacity, notwithstanding her coverture, to acquire, by gift or grant from any person other than her husband, and to dispose of by will, any property, real or personal. The capacity to acquire by

grant implies the capacity to acquire by purchase. The referee finds that she did purchase out Walker's stock in trade, business and good will by giving a mortgage on her separate real estate, acquired by her by gift or purchase from persons other than her husband after 1849. If Walker was willing to take the mortgage instead of cash, as to the defendant certainly, a debtor of her's and not a creditor of her husband, the case stands precisely as if she had paid Walker in gold. It is true, the referee also finds that the mortgage was paid out of the proceeds of the business, but I can not see what difference this makes. She bought out Walker on the credit of her separate real estate. It may really be said she bought out Walker with her separate property.

The recent decision of the court of appeals in *Knapp* v. *Smith et al.* (not yet reported, but Judge Denio's opinion in which was handed up on the argument) would appear to be decisive of all the questions in this case.

The judgment should be reversed, and a new trial ordered, with costs to abide the event of the action.

[NEW YORK GENERAL TERM, February 6, 1865. *Ingraham, Clerke* and *Sutherland,* Justices.]