# N. Y. SUPERIOR COURT.

ANDREW COAKLEY agt. JAMES F. CHAMBERLAIN, sole surviv-
ing executor of the last will and testament of MARY ANN
BURDOCK, deceased, MARY ANN SEAMAN, CHARLOTTE
MARIA MCKENZIE, WILLIAM HENRY BURCH, EMILY JANE
FRENCH, GEORGE FREDERICK BURCH, and MATILDA
AUGUSTA BURCH.

An action for damages for the breach of a covenant of quiet enjoyment, contained in
a lease executed by a person having a life-estate in the premises, which breach
was occasioned by the death of the life-tenant, will not lie against the executor
of such life-tenant, and the remaindermen jointly, nor against the remaindermen
in any form, and the mere fact, that the remaindermen collected the rent reserved
by the lease from the death of the life-tenant up to the time of the final partition
of the premises, in an action instituted for that purpose, cannot be construed into an
adoption and ratification of such covenant on their part.

An unexpired lease executed by a person having only a life-estate in the demised
premises, becomes void and inoperative upon the death of the life-tenant as against
the remaindermen, and from that time constitutes no further lien or incumbrance
upon the premises.

No tenure and no relation exists between remaindermen and the tenant of the life-
tenant.

The acts of 1848 and 1849 did not confer any greater authority upon married
women, to make contracts generally, than previously existed, and did not
remove the legal incapacity of a married woman, to enter into a personal obliga-
tion, nor did those acts authorize a married woman to charge her separate estate
for a debt which did not arise in connection with it, or which was not contracted
for her own benefit or the benefit of her separate estate.

The reported cases arising under these acts reviewed, and the case of *Kolls* agt. *De
Leyer*, (41 *Barb.*, 211,) explained.

Where a married woman having a life-estate in certain premises executed, prior to
the year 1860, a ten years' lease of such premises with a covenant contained
therein, that on payment of the rent thereby reserved the lessee may quietly
have and enjoy the said premises for the full term, and thereupon died before the
expiration of the term and the lessee was dispossessed by the remaindermen :

*Held* that no action for damages occasioned by the breach of such covenant can be
maintained by the lessee against the executor of such married woman.

*General Term, November,* 1869.

*Before* BARBOUR, C. J., and MONELL and FREEDMAN, J. J.

STATEMENT of facts.—One William Burch was, at the time

of his death, the owner in fee of premises No. 326 Eighth avenue, in the city of New York, and, by his last will, gave the use of said premises to his wife, Mary Ann Burch, during her natural life, and the fee to his children. In 1856, the widow of William Burch became the wife of Paul Burdock, and they lived together as husband and wife until her death in 1864.

In 1857, while the wife of Paul Burdock, she leased to plaintiff the said premises for the term of eleven years, by lease, duly executed and recorded, at a yearly rent of $750; and, in that instrument, covenanted for herself only that the plaintiff, on paying the said yearly rent, &c., should peaceably and quietly have, hold, and enjoy the said demised premises for the term aforesaid.

In 1864, before the term expired, she died, and the children of William Burch commenced an action in the supreme court for the partition of the premises, making the plaintiff a party; and, on the 3d day of March, 1865, judgment was entered in said action adjudging that William Burch died seized of the premises; that Mary Ann Burdock had only a life estate therein; that upon her decease plaintiff's lease became void and inoperative, and constituted no further lien or incumbrance on the premises. Under this judgment the premises were sold, the plaintiff dispossessed and the proceeds distributed amongst the heirs of William Burch, deceased. After Mrs. Burdock's death, the said heirs received the rent for the premises from the time of her death up to June 1 1865,

The action is based upon the breach of Mrs. Burdock's covenant of quiet enjoyment, and is brought to recover, as damages, the value of the unexpired term in said lease. The defendant (Chamberlain) is sued as the executor of the last will and testament of Mary Ann Burdock, deceased, and the other defendants as heirs, who received the proceeds of the sale in partition, and the rent of the premises from the time of Mrs. Burdock's death up to June 1, 1865.

The action was commenced in June, 1865, and tried before the court and a jury in November, 1867. When the plaintiff rested, the evidence substantially disclosed the foregoing state of facts; and the counsel for Mary Ann Seaman, Charlotte Maria McKenzie, William Henry Burch, Emily Jane French, George Frederick Burch, and Matilda Augusta Burch, the heirs-at-law, thereupon moved to dismiss the complaint against them. The court granted the motion, and plaintiff excepted.

Counsel on behalf of the only remaining defendant, James F. Chamberlain, sole surviving executor of Mary Ann Burdock, deceased, introduced some further evidence establishing the marriage between Paul Burdock and Mrs. Burch ; and that thereupon they lived together as husband and wife, until she died, and also introduced and read in evidence the will of William Burch, deceased.

At the close of the testimony, the jury, under the direction of the court, found a verdict for the defendant, Chamberlain, to which direction and finding plaintiff excepted. The court directed the exceptions to be heard at the general term in the first instance, and that judgment in the meantime be stayed.

S. B. NOBLE, *attorney for plaintiff.*

R. H. BOWNE and C. H. HINNAN, *attorneys for defendants.*

*By the court,* FREEDMAN, J.—The defendants, Mary Ann Seaman, Charlotte Maria McKenzie, William Henry Burch, Emily Jane French, George Frederick Burch, and Matilda Augusta Burch, were not, in respect to the premises in question, the heirs of Mrs. Burdock, but of William Burch. Therefore the statute, by which the heirs and devisees of every person who has made any covenant or agreement are held answerable upon such covenant or agreement, to the extent of the lands descended or devised to them, does not

apply to them, and the mere fact that they collected rent up to the time of final partition cannot be construed into an adoption and ratification by them of the covenant for quiet enjoyment contained in plaintiff's lease. They were remaindermen, and between them and the plaintiff as tenant of the life tenant no tenure and no relation existed. When the partition of the premises took place the rights of all parties, including the plaintiff, were judicially determined; the judgment provided for a partition of the premises between such of the parties as had any rights therein, and according to such rights, but at the same time adjudged that the plaintiff had no right or interest whatever, that his lease became void and inoperative upon the decease of the tenant for life, and from that time constituted no further lien or incumbrance upon the premises. This judgment must be deemed a complete and final determination of the rights of the plaintiff as against the remaindermen.

Nor can this action be maintained against the heirs against whom a dismissal of the complaint took place, upon the ground of the receipts of assets, as next of kin, under 2 *Rev. Stat.*, 451, *Sec.*, 23. Whatever assets may be deemed to have been received by them, belonged to the estate of William Burch, deceased, and not the estate of Mary Ann Burdock. There was no evidence to show that any assets belonging to *her* estate were ever paid or distributed to these persons, as next of kin or legatees, by her executor, so as to entitle the plaintiff, as a *creditor*, to institute an action against them.

Again, the same defendants could not be proceeded against upon the theory that they were the heirs of Mrs. Burdock, until after the expiration of three years from the time of the granting of letters testamentary to her executor, for the statute expressly prohibits it (3 *R. S., 5th ed. p.*, 197, § 64); and even then they could be held liable only for a *debt* of the testatrix, upon proof either that the deceased left no personal assets within this state to be administered, or that

the personal assets of the deceased were not sufficient to pay and discharge the same; or that, after due proceedings before the surrogate, and at law, the plaintiff as a creditor, had been unable to collect such debt, or some part thereof, from the personal representatives of the deceased, or from her next of kin, or legatees (2 *Rev, Stat.,* 452, § 33, *as amended by laws of* 1859, *p.,* 293); and in such case the heirs could not be joined as defendants in the action with the executor. (11 *Barb.,* 271; 3 *Comst..* 261). In any aspect of the case the complaint was properly dismissed against the heirs.

Whether the verdict, as directed, was right as to the remaining defendant, depends upon the question whether Mrs. Burdock, as a married woman, had the legal capacity to enter into the covenant, which forms the foundation for this action, at the time and in the manner she did. The covenant is a personal one, which a married woman could not make at common law, and, as it was made in 1857, the question will have to be determined under the acts of 1848 and 1849, passed for the more effectual protection of the property of married women. These *acts enable a married* woman to hold her real and personal propeity, and the rents, issues, and profits thereof as her sole and separate property, as if she were a single female, and also to take by inheritance, or by gift, grant, devise, or bequest, from any person other than her husband, and hold to her sole and separate use, and convey, and devise real and personal property, and any interest or estate therein, and the rents, issues and profits thereof, in the same manner, and with the like effect, as if she were unmarried, &c. And it has been held that under said acts a married woman may acquire title to real and personal property from any person other than her husband, in almost any manner; that she may do so by buying the same for cash or upon her credit; that she may purchase a stock in trade, a business and the good will belonging thereto, for cash or upon her credit; that in all these cases, if done

*bona fide,* and not for the purpose of covering up her husband's property, and if the vendor will take the risk of payment, the transfer and her title is perfect, and that no interest in any such property passes to her husband, whether she had antecedently any separate estate or not; that after having thus obtained the property, she may manage it either personally or by the agency of her husband or any other person, and hold the profits and increase to her separate use, (*Sherman* agt. *Elder*, 24 *N. Y.*, 381; *Knapp* agt. *Smith*, 27 *N. Y.*, 277; *James* agt. *Taylor*, 43 *Barb.*, 530; *Buckley* agt. *Wells*, 33 *N. Y.*, 518; *overruling S. C.*, 42 *Barb.*, 569); and may recover for work, labor and services done and performed and materials furnished by her in *course of such business,* and since 1851 may sue alone under § 114 of the Code for her separate property, without joining her husband with her. (*Darby* agt. *Callahan*, 16 *N. Y.*, 71).

But on the other hand it has been settled that under the acts referred to, a married woman cannot contract with or convey to her husband, (*White* agt. *Wager*, 25 *N. Y.*, 328; *Winans* agt. *Peebles*, 32 *N. Y.*, 423; *Savage* agt. *O'Neil*, 42 *Barb.*, 374); that she has no power to make contracts generally, which are binding upon her *personally* according to the general rules of law (*Yale* agt. *Dederer*, 18 *N. Y.*, 265; *Draper* agt. *Stouvenel*, 35 *N. Y.*, 507); although a court of equity may enforce payment, out of her separate estate, of a debt contracted by her for *her own benefit and on the credit of her separate estate.* (*Ledeliey* agt. *Powers* 39 *Barb.*, 555).

When the case of *Yale* agt. *Dederer,* came before the court of appeals for the second time (22 *N. Y.*, 450,) Judge SELDEN, in delivering the opinion of the court, held, that in order to create a charge upon the separate estate of a married woman, her intention to do so must be declared in the *very contract* which is the foundation of the charge, or the consideration must be obtained for the direct benefit of

the estate itself, and that accordingly, where a married woman signed a promissory note as mere surety for her husband, though it was her intention to charge her separate estate, such intention did not take effect. The learned judge showed that the foundation of the power of a *feme covert* to charge her separate estate rested solely upon her incidental power to dispose of that estate ; that therefore, no debt can be a charge which is not connected by agreement, either express or implied, with the estate; that if contracted for the direct benefit of the estate itself, it would of course become a lien, upon a well founded presumption that the parties so intended and in analogy to the doctrine of equitable mortgages for purchase money; but that no other kind of debt can be thus charged without some affirmative act of the wife evincing that intention. And in his concluding remarks Judge SELDEN points out that the legislature did not, even by the passage of the act of 1860, remove the common law disability of married women to bind themselves by their contracts at large ; that in order to be obligatory upon them or their estates under *that* act, their contracts must relate entirely, either to their separate property or to the particular trade or business in which they are engaged.

The principles decided in the case of *Yale* agt. *Dederer*, (*supra*,) have been reaffirmed by the court of appeals in *White* agt. *McNett*, (33 *N. Y.*, 371) ; compare also *Brown* agt, *Hermann*, (14 *Abb.*, 394) ; *White* agt. *Story*, (43 *Barb.*, 124); *Manchester* agt. *Sahler*, (47 *Barb.*, 155).

Thus, it seems to be settled beyond question that the acts of 1848 and 1849 did not confer any greater authority upon *femes covert*, to inter into contracts generally, than previously existed, and did not remove their legal incapacity to contract debts; also that those acts did not authorize a married woman to charge her separate estate for a debt which did not arise in connection with it, and which is not for her own benefit or the benefit of her estate. The

authorities relied upon by the plaintiff in this action do not cast a doubt upon the correctness of these propositions. The decision in *Winans* agt. *Peebles*, (31 *Barb.*, 371); has been reversed by the court of appeals. (32 *N. Y.*, 423). *Goelet* agt. *Gori*, (31 *Barb.*, 314,) is an authority against the plaintiff. In *Ballin* agt. *Dillaye*, (37 *N. Y.*, 35,) the separate estate of a married woman, as a whole, was held chargeable *in equity* with the payment of a deficiency arising upon a bond and mortgage given by her, for the reason that she had thereby derived in point of fact, not only a benefit in respect to the premises described in the mortgage, but an additional substantial benefit for her *entire* separate estate, namely, a release of thirty-two other lots, &c.

And even the *decision* of the supreme court at general term, in the case of *Kolls* agt. *DeLeyer*, (41 *Barb.*, 211,) although frequently misunderstood, will, on a careful examination, be found to be in entire harmony with the propositions hereinbefore laid down as conclusively settled. The following facts appeared by the complaint in the last named case: The defendant, as a married woman and possessed of a separate estate in lands in her own right, in 1858, conveyed out of the same a lot of ground to the plaintiff by the usual deed of conveyance, with covenants of seisin, and that the same were free from incumbrances of every description. Her husband united in the deed so far as to convey his interest, if any he had, but he did not join in the covenants of warranty. At the time of making this conveyance, the lot was, however, subject to the incumbrance of certain unpaid taxes, which were a *lien thereon*, and which the plaintiff subsequently had to pay. The action was brought to recover the amount so paid *as being a charge on the wife's remaining separate estate*. It consequently was a suit *in equity*. The defendant demurred, and the question raised by the demurrer was whether the complaint stated facts sufficient upon which the separate estate of the defendant could be held liable *in equity*. The

court held that it did. Therefore, however broad the language may be, which the learned justice who delivered the opinion of the court on that occasion, used, the correctness of the decision itself cannot be questioned.

The case at bar is an ordinary action at law, The covenant relied upon did not create a debt at the time, but only a contingent liability, which cannot be charged against Mrs. Burdock's estate without express words to that effect; even if it had been so charged, the liability would not attach except upon proof that it was for the benefit of Mrs. Burdock or her separate estate, and in such case it could be enforced in equity only. No error, therefore, has been committed by directing a verdict for the defendant Chamberlain, as sole surviving executor of the will of Mary Ann Burdock, deceased.

Plaintiff's exceptions should be overruled and judgment absolute rendered upon the verdict in favor of the defendant Chamberlain, as executor, and in favor of the other defendants upon the non-suit, with costs.

BARBOUR, *Ch. J.*—I concur.

MONELL, *J.*—I concur.