### New York Marine Court.

*Trial Term—December* 9, 1879.

## CATHARINE NOONAN *against* HENRY C. TUTTLE AND WIFE.

The husband is no longer liable for the tortious acts of his wife, committed in the management and control of her separate property. To this extent the common-law rule has been changed.

Motion for new trial on judge's minutes.

The plaintiff sued the defendants jointly for false imprisonment, claiming that although she was arrested

Noonan *v.* Tuttle.

at the instigation of the wife, in the absence of her husband, that the latter is liable for the personal torts of the wife, and that he was therefore not only a proper but necessary party to the action (citing Rowe *v.* Smith, 45 *N. Y.* 233 ; 56 *Id.* 43 ; 27 *How. Pr.* 374).   The complaint was dismissed at the trial as to the husband, upon the ground that the wife caused the plaintiff's arrest, upon suspicion of feloniously taking two canary birds, the separate property of the wife, and that for all acts, tortious or otherwise, committed by the wife in respect to her separate property, the husband is not liable.   The plaintiff now moves for a new trial, upon the ground that this direction was erroneous.

*S. H. Stuart,* for the motion.

*H. C. Tuttle,* opposed.

McAdam, J.—The husband is no longer liable for the tortious acts of his wife, committed in the management and control of her separate property, and to this extent the common-law rule has been changed (Baum *v.* Mullen, 47 *N. Y.* 577).   This new rule was applied to the case of wrongful conversion, by a married lady, of certain personal property on which she claimed a lien, the court holding that, although the wife had in fact no lien, and her refusal amounted in law to a conversion, yet the husband, although present, was not liable for her wrongful act, and that there was no presumption that the wife was under the coercion, command or direction of her husband, simply because she asserted, in his presence, a claim of title to or lien on the property.   That it is the nature and not the validity of the wife's claim, respecting her separate property, which is the test of her liability and of her husband's exemption (Peak *v.* Lemon, 1 *Lans.* 295 ; Kowing *v.* Manly, 47 *N. Y.* 192 ; and see 3 *R. S.* 6 ed. p. 160, § 80).   The New York common pleas, general term, have

held that, under the married woman's acts, authorizing a wife to carry on business with all the incidents and rights of property, the husband is not liable either on her contracts or for her negligence, and that an action to recover damages for injuries sustained by the negligence of her servant was properly brought against her alone (Gillies v. Lent, 2 *Abb. Pr. N. S.* 455).

The canaries being the separate property of the wife, she had a legal right to commence in her own name any proceedings, civil or criminal, which she deemed necessary, either for their protection or recovery, or for the punishment of any person who unlawfully interfered with them.

The husband, in consequence of the statute, has no control over the separate property of his wife; and cannot prevent her from asserting, in any form known to the law, her legal rights and claims in respect thereto. Not having the power to prevent or control such acts, I am unable to discover any logical reason why he should be punished for their consequences. The complaint was properly dismissed as to the husband, and the motion for a new trial must therefore be denied.

Since the act of 1860, married women may sue and be sued in all matters relating to their separate estate or business carried on by them, as if they were sole and unmarried (*L.* 1860, c. 90, § 7; 21 *How. Pr.* 309; 35 *Barb.* 81; 17 *Abb. Pr.* 76; *L.* 1862, § 7, p. 345); and an action for an assault upon a married woman must be brought in her own name (21 *How. Pr.* 372; *L.* 1860, c. 90, § 7); and an action to recover damages for a tort by the *wife*, should be against the husband and wife (2 *E. D. Smith*, 90; 15 *Abb. Pr.* 421); unless the tort was committed by the command, or in the presence of the husband, in which case the husband should be sued alone (*Reeves' Dom. Rel.* 148, 3 ed.); where a tort or felony of any inferior degree is committed by the wife, in the presence, and by the direction of her husband, she is not personally liable; but to exempt her, the presence of the husband, and his direction, must be concurrent (Cassin v. Delaney, 38 *N. Y.* 176).